# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Bk. No.: 18-9765 |
| GOLD COAST PARTNERS, LLC., ) | |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | Judge Timothy A. Barnes |

## RE-NOTICE OF MOTION

To:   See attached Service List

Please take notice that on May 30, 2018 at 10:30 a.m., the undersigned shall appear before the Honorable Timothy A. Barnes, United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604, courtroom 744 and present Motion Of CCS Chicago Recreation Inc., For Relief From The Automatic Stay.

/s/ Stephen Scallan
STEPHEN SCALLAN

Staes & Scallan P.C.
53 W. Jackson Blvd.
Suite #560
Chicago, Illinois 60604
312-631-3139

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

GOLD COAST PARTNERS, LLC,                    Case No. 18-9765
                                             Chapter 11

Debtor.

MOTION OF CCS CHICAGO RECREATION INC.,
FOR RELIEF FROM THE AUTOMATIC STAY

CCS Chicago Recreation Inc., ("CCS"), by its attorneys at Staes & Scallan, P.C., pursuant to 11 U.S.C. § 362(d), hereby moves for an order for relief from the automatic stay in the above captioned bankruptcy case filed by Gold Coast Partners, LLC ("debtor" or "Debtor Gold Coast"). CCS is entitled to an order terminating the automatic stay because cause exists and because of Debtor's failure to provide adequate protection of CCS's interest in a property which is being leased by the Debor. In support of this Motion, CCS states as follows:

1. Gold Coast filed a Chapter 11 bankruptcy petition on April 3, 2018. This matter is a core proceeding under 28 U.S.C. §157(b) and the Court has jurisdiction. 28 U.S.C. §§ 157, 1334 and 11 U.SC. § 362.

2. On February 9, 2016, Debtor Gold Coast and Ms. Tracy Brooks entered into a 120 month lease with CCS. The lease obligated Debtor Gold Coast and Ms. Brooks to pay 1) $6325 for the first 5 months of the lease; 2) $7350 for the balance of the first year; and 3) thereafter $7350 plus the greater of 3% or the CPI increase over the preceding year's base rent. (Exhibit 1, Commercial lease, pg. 1-2).

1

3. Debtor Gold Coast and Ms. Brooks were further obligated to pay real estate taxes, (Exhibit 1 at 4), carry insurance (Exhibit 1 at 6), and pay utilities (including water bills). (Exhibit 1 at 14).

4. On March 5, 2018, Debtor Gold Coast and Ms. Brooks acknowledged owing $11,526.65 in back rent. (Exhibit 2, Ms. Brooks email)

5. Subsequent to that date, CCS received $10,650 in payments. Thus, Debtor Gold Coast owes $915.65 on the obligation that existed as of March 5, 2018. Debtor Gold Coast further owes $7800 for March, 2018 rent, thereby bringing Debtor Gold Coast's pre-petition obligation(s) to CCS to $8715.65.

6. Debtor Gold Coast has also not paid the $7800 it owes for April 2018 rent --an obligation which is required for Debtor Gold Coast to keep current on its obligation to pay real estate taxes.

7. CCS requests that this Court lift the automatic stay and permit it to proceed with an action to evict Debtor Gold Coast and Ms. Brooks and recover monetary damages for their breach of the lease agreement. "The failure to pay post-petition rent may also serve as grounds for lifting the automatic stay" because the landlord is not adequately protected if the tenant falls behind on its post-petition rent obligations. *In re Mad Lo Lo LLC*, 09-11911, 2009 WL 2902567 * 4 (S.D.N.Y. Bankr. Ct. May 28, 2009).

8. The need to lift the automatic stay is imperative here because the rent is to cover taxes under the lease. (Exhibit 1 at 4).

9. Debtor Gold Coast has also not been paying the property's water bill. Indeed, over $25,000 is owed on the water bill. (Exhibit 3, List of Debtor's creditors). This breach of the lease agreement is also causing CCS' interest in the property not to be adequately protected within the meaning of §362(d). CCS was informed that the water bill was being paid and

reserves the right to bring a fraud as well as a breach of contract action against Debtor Gold Coast and Ms. Brooks for fraudulently misrepresenting that the water bill payments were current. CCS further reserves the right to contend that it is not ultimately responsible for the water bill obligation.

10.     CCS seeks permission to proceed against Ms. Brooks as well as Debtor Gold Coast. The automatic stay is inapplicable to Ms. Brooks because the transaction at issue did not involve a consumer debt. *Clackman County Bank v. DeMaree*, 27 B.R. 1 (Bankr. Ct. Dist. Or. 1982); *In re Bigalk*, 75 B.R. 561 (Bankr. Ct. Dist. Minn. 1987).

Moreover, if the automatic stay is lifted as to the actual debtor, Gold Coast, it should plainly be lifted (if required) to permit the action against the non-debtor, Ms. Brooks, to proceed.

Accordingly, CCS requests that the automatic stay be lifted as to Gold Coast such that state court landlord-tenant proceedings can commence and the Court enter an order such that the state court action can also proceed against Ms. Brooks. CCS further requests all other relief that the Court deems just and proper.

Respectfully submitted,

/s/ Stephen Scallan
Stephen Scallan

**STAES & SCALLAN, P.C.**
53 W. Jackson
Suite #560
Chicago, Illinois 60604
312-631-3139

3