IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Bk. No.: 18-9765 |
| GOLD COAST PARTNERS, LLC., | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | Judge Timothy A. Barnes |

## NOTICE OF MOTION

To:   See attached Service List

Please take notice that on May 22, 2019 at 10:30 a.m., the undersigned shall appear before the Honorable Timothy A. Barnes, United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604, courtroom 744 and present Renewed Motion Of CCS Chicago Recreation Inc., For Relief from the Automatic Stay.

/s/ Stephen Scallan
STEPHEN SCALLAN

Staes & Scallan P.C.
53 W. Jackson Blvd.
Suite #560
Chicago, Illinois 60604
312-631-3139

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**In re:**

**GOLD COAST PARTNERS, LLC,**             Case No. 18-9765
                                          Chapter 11

**Debtor.**

RENEWED MOTION OF CCS CHICAGO RECREATION INC.,
FOR RELIEF FROM THE AUTOMATIC STAY

CCS Chicago Recreation Inc., ("CCS"), by its attorneys at Staes & Scallan, P.C., for its Renewed Motion For Relief From The Automatic Stay, states:

1. Gold Coast Partners LLC ("Gold Coast") filed a Chapter 11 bankruptcy petition on April 3, 2018. This matter is a core proceeding under 28 U.S.C. §157(b) and the Court has jurisdiction. 28 U.S.C. §§ 157, 1334.

2. On February 9, 2016, Debtor Gold Coast and Ms. Tracy Brooks entered into a 120 month lease with CCS. The lease obligated Debtor Gold Coast and Ms. Brooks to pay 1) $6325 for the first 5 months of the lease; 2) $7350 for the balance of the first year; and 3) thereafter $7350 plus the greater of 3% or the CPI increase over the preceding year's base rent. (Exhibit 1, Commercial lease, pg. 1-2).

3. Debtor Gold Coast and Ms. Brooks were further obligated to pay real estate taxes, (Exhibit 1 at 4), carry insurance (Exhibit 1 at 6), and pay utilities (including water bills). (Exhibit 1 at 14).

1

4. As well as not paying pre-petition rent, Debtor Gold Coast had not been paying the property's water bill. Indeed, at the time the bankruptcy petition was filed over $25,000 was owed on the water bill. (Exhibit 2, List of Debtor's creditors).

5. Over CCS objection, this Court permitted Gold Coast to assume the lease and granted Gold Coast additional time to bring its lease current. (Dckt. 76, 77).

6. Since the time of the bankruptcy petition, Gold Coast continued not to pay its monthly water bill obligations, and $53,643.79 is now owed. (Exhibit 3, hereto)

7. As this Court is aware, post-petition claims "are not subject to the automatic stay." *In the Matter of Garafalo's Finer Foods Inc.*, 186 B.R. 814 n. 17 (N.D. Ill. 1995). However, efforts to collect on such claims are. *Id.*; *My Favorite Muffin Too v. DK Holdings*, 61 F. Supp. 2d 781, 783 (N.D. Ill. 1995). As Courts have recognized, "[t]he failure to pay post-petition rent may also serve as a ground for lifting the automatic stay. The Landlord will also not be adequately protected if the Debtor falls behind in post-petition rent." *In re Sweet N Sour* 431 B.R. 63, 69 (S.D.N.Y. 2010). *Accord In Re Mad Lo*, 09-11911, 2009 WL 2902567 (S.D.N.Y. May 28, 2009); *In re Rocchio*, 125 B.R. 345 (Bankr. Ct. Rhode Island 1991).

8. Here, CCS, a landlord needs to evict Gold Coast Partners to protect its interest in the real estate and seeks permission to proceed.

9. The post-petition non-payment of rent also harms other creditors. It is a priority administrative expense which will be required to be paid ahead of other creditors. *In re Michalek*, 393 B.R. 642 (E.D. Wi. 2008). These exists no basis to permit such a claim to continue to accrue.

Accordingly, CCS requests that the automatic stay be lifted as to Gold Coast such that state court landlord-tenant proceedings can commence, proceed to judgment and eviction.

Respectfully submitted,

/s/ Stephen Scallan
Stephen Scallan

**STAES & SCALLAN, P.C.**
53 W. Jackson
Suite #560
Chicago, Illinois 60604
312-631-3139

3