UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 18-09765 |
| | ) |
| GOLD COAST PARTNERS, LLC, | ) Honorable Timothy A. Barnes |
| | ) |
| Debtor | ) Chapter 11 |

**RESPONSE OF DEBTOR AND DEBTOR-IN-POSSESSION, GOLD COAST PARTNERS, LLC, TO MOTION OF UNITED STATES TRUSTEE TO CONVERT OR DISMISS CASE**

NOW COMES the Debtor and Debtor-in-Possession, Gold Coast Partners, LLC ("Debtor"), by and through its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and as and for its response to the motion of the United States Trustee, Patrick S. Layng ("Trustee"), to convert or dismiss case ("Motion"), states as follows:

### INTRODUCTION

The Trustee has filed his Motion seeking conversion of the Chapter 11 case ("Case") or, in the alternative, to dismiss the Case because the Debtor has failed to obtain confirmation of a plan of reorganization ("Plan") within forty-five (45) days of filing the Plan pursuant to 11 U.S.C. §1129(e) and has failed to obtain an extension of time within which to confirm the Plan in accordance with 11 U.S.C. §1121(e)(3). For the reasons stated herein, the Debtor requests the Court deny the Trustee's Motion.

### BACKGROUND

1. On April 3, 2018, the Debtor filed a voluntary petition pursuant to Chapter 11 of Title 11, United States Code.

2. Pursuant to 11 U.S.C. §§1107 and 1108, the Debtor remains in possession of its

assets and continues to operate its business affairs.

3. No trustee or committee of unsecured creditors has been appointed by the United States Trustee.

4. The Debtor operates three (3) coin-operated laundromats at various locations in the City of Chicago; to wit: 5527 West North Avenue, Chicago, IL 60639 ("North Avenue"), 3159 West Roosevelt Road, Chicago, IL 60612 ("Roosevelt Road"), and 4258 West Madison St., Chicago, IL ("Madison Street").

5. The Debtor is a small business debtor as defined in 11 U.S.C. §101(51D).

6. On September 30, 2018, the Debtor filed its initial disclosure statement ("Disclosure Statement") and a Plan.

7. Upon the Debtor's several motions, orders were entered extending to various dates the time for the Debtor to obtain confirmation of the Plan.

8. On April 11, 2019, the Debtor filed a first amended Disclosure Statement and first amended Plan.

9. On April 26, 2019, the Debtor filed a second amended Disclosure Statement and second amended Plan.

10. On July 2, 2019, the Debtor filed a third amended Plan and third amended Disclosure Statement.

11. On August 1, 2019, the Court entered an order setting a combined hearing on adequacy of the Disclosure Statement and confirmation of the Plan ("Combined Hearing") for September 10, 2019 ("Order").

12. Objections to confirmation of the Plan were filed by CCS Chicago Recreation Inc..

Constellation NewEnergy-Gas Division, LLC and City of Chicago ("Objections").

13. Since the Order did not provide for a date by which the Debtor could file written responses to the Objections, the Debtor felt it prudent to advise the Court and the parties in interest that the Debtor would request a continuance of the Combined Hearing in order to give the Debtor an opportunity to file responses to the Objections.

14. At the Combined Hearing on September 10, 2019, the Debtor requested that the Combined Hearing be continued into December, 2019, to give the Debtor an opportunity to generate additional revenue based upon a new business plan and to give the Debtor time to supplement its Disclosure Statement, amend its projections and file written responses to the Objections. No objection to the request was asserted by any party in interest.

15. The interested parties appearing on September 10, 2019, as well as the Court, requested additional information on the new business plan including, but not limited to, expected expenses associated with the new business and the expected increase in revenues. Therefore, the status on the Combined Hearing was continued to September 18, 2019.

16. On September 11, 2019, the Debtor filed another motion to extend the time to obtain confirmation of a Plan and the motion was set for hearing on September 18, 2019. All matters were continued from September 18, 2019, to October 23, 2019.

17. On October 16, 2019, an amended Exhibit D was filed to the Disclosure Statement.

18. On October 23, 2019, the Court denied the Debtor's motion for extension of time to obtain confirmation of a Plan. Notwithstanding the denial of the Debtor's motion, the Court entered an order providing for the Debtor to submit any additional filings in support of a Plan and Disclosure Statement on or before November 22, 2019, and the status hearing was continued to

3

December 4, 2019.

19. On November 4, 2019, the Trustee filed his Motion.

20. On November 22, 2019, the Debtor filed its fourth amended Plan and fourth amended Disclosure Statement. The exhibits to the Disclosure Statement were filed on November 25, 2019.

21. On December 4, 2019, the Court entered an order setting the Trustee's Motion for hearing on January 28, 2020, and providing for the Debtor to file its response to the Motion on or before January 6, 2020, and the Trustee to file his reply on or before January 22, 2020.

22. Also, on December 4, 2019, the Court entered an order and notice of hearing on the adequacy of the Disclosure Statement and confirmation of the Plan on January 28, 2020, and setting dates for filing objections to the adequacy of the Disclosure Statement and confirmation of the Plan and ballots accepting or rejecting the Plan.

## **TRUSTEE'S MOTION**

23. The sole argument of the Trustee to convert or dismiss the Case is premised on the Debtor's failure to confirm a Plan within 45 days of the filing coupled with its failure to obtain an extension of time to obtain confirmation of a Plan.

24. The Trustee cites 11 U.S.C. §1129(e) which provides that "... the court shall confirm a plan...not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3)."

25. The Trustee argues that since a plan was not confirmed within 45 days after filing and since the Court denied the Debtor's motion for extension of time to obtain confirmation filed by the Debtor pursuant to 11 U.S.C. §1121(e)(3), cause exists to convert or dismiss the Case pursuant

4

to 11 U.S.C. §1112.

26. The Trustee argues that Section 1112(b)(1), provides that the Court shall convert or dismiss the Case, whichever is in the best interests of creditors and the estate, so long as the Trustee establishes "cause". To establish "cause", the Trustee cites to Section 1112(b)(4)(J), which provides that "cause" includes "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court".

## FAILURE TO CONFIRM PLAN WITHIN 45 DAYS AFTER FILING DOES NOT REQUIRE DISMISSAL OR CONVERSION

27. Courts are split as to whether the failure of a debtor to obtain confirmation of a plan within 45 days after filing constitutes cause for conversion or dismissal pursuant to 11 U.S.C. §1112(b)(4)(J). The Trustee has cited several cases in his Motion in support of conversion or dismissal of the Case. However, the Debtor urges the Court to follow those decisions that do not mandate conversion or dismissal for the Debtor's failure to obtain confirmation of a Plan within 45 days after its filing.

28. As the Trustee points out in his Motion, BAPCPA created expedited deadlines for dealing with small business debtors filing chapter 11. "This expedited confirmation process was Congress' attempt to keep these small business cases on a 'short leash'." *In re Wheelchair Sales & Services, Inc.*, 593 B.R. 321, 325 (Bankr.N.D.Ill.2018) (citing *In re Sanchez*, 429 B.R. 393, 398 (Bankr.D.P.R.2010)).

29. However, a plain reading of §1129(e) does not mandate conversion or dismissal once the deadline for confirming a plan has passed. "The Bankruptcy Code provides no direction as to what occurs if the statutory deadlines set forth in *11 U.S.C. §1121(e)* are not met." *In re*

5

*Barnes*, 310 B.R. 209, 211 (Bankr.D.Col.2004).

The debtor, in *In re Simbaki, Ltd.*, 522 B.R. 917 (Bankr.S.D.Tex.2014), filed a plan on August 29, 2014, and an amended plan on September 13, 2014. The debtor therein also filed an emergency motion to extend the time to obtain confirmation of a plan. The court denied the debtor's motion for extension of the deadline to obtain confirmation and at the same time, the debtor withdrew its plan. Thereafter, the court denied a motion to dismiss filed by certain creditors pursuant to 11 U.S.C. §1112(b)(4)(J). "The statute requires a court to take action on a plan once it has been filed, but does not appear to set any deadline for the debtor. This is in contrast with §1121(e), which mandates that the plan proponent, rather than a court, take certain action. Dismissing or converting the debtor's case in a situation where it failed to comply with a deadline is appropriate. Imposing a penalty on a debtor when a court did not approve their plan is a different proposition." *Id.* at 924. See, also, *In re Crossroads Ford, Inc.*, 453 B.R. 764, 768 (Bankr.D.Neb.2011)("That language [referring to §1129(e)] does not appear to be a deadline for the debtor, but rather appears to be a mandate on the court.") The Debtor herein has complied with the deadline imposed by §1121(e) in filing a Plan within the time prescribed therein. Unfortunately, the Debtor's motion to extend the time to obtain confirmation was denied, but the 45 day deadline in confirming a plan as provided in §1129(e) is imposed on the court, not the debtor. The Debtor herein did not violate an order entered by the Court. Therefore, since no order of the Court was violated, "...its failure to obtain plan confirmation within 45 days does not constitute cause for dismissal or conversion under § 1112(b)(4)(J)." *Id.*

30.     Another case on point is *In re Maxx Towing, Inc.*, 2011 WL 3267937 (Bankr.E.D.Mich.July 27, 2011). In this case, the court was advised that most objections to

6

confirmation had been resolved except for the value of certain property. The court set an evidentiary hearing as to valuation of property, but at that hearing the U.S. Trustee raised an objection to confirmation because the debtor had not obtained confirmation of a plan within 45 days of the filing. Thereafter, the court ruled on the value of the property at issue and set a status conference as to any remaining issues regarding confirmation of the plan and the trustee's motion. Not unlike the case at bar, the court was advised that the only remaining issue on confirmation was feasibility. The court then indicated, not unlike the case at bar, that it would rule on the trustee's motion and if the motion was denied, it would set an evidentiary hearing on feasibility of the plan.

31. Prior to the filing of the Plan and Disclosure Statement which is set for hearing on the same day as the Trustee's Motion, the third amended Plan and third amended Disclosure Statement had been set for a Combined Hearing on adequacy of the Disclosure Statement and confirmation of the Plan on September 10, 2019. Ballots were cast in favor of the Plan by impaired creditors, but certain objections raised as to feasibility necessitated continuing the hearing on confirmation and, ultimately, the filing of a fourth amended Plan and Disclosure Statement. So, like *Maxx Towing*, sole issues remaining before this Court are whether the Plan is feasible and whether the Trustee's Motion should be granted. The Debtor submits that it has diligently pursued restructuring its financial affairs. A great deal of time was spent litigating the amount of the secured claim of Strategic Funding Source which the Debtor felt was necessary as a prerequisite for filing any plan. As the court in *Maxx Towing*, recited "...the reasons for the delays were not due to want of prosecution of this case; rather, such were due to the necessity of determining the property valuation/lien stripping issue prior to confirmation". *Id.* at *5-6. In denying the trustee's motion to dismiss, the court held:

7

> If the Court were to hold that a small business debtor's case must be dismissed simply because it is not confirmed within 45 days under the recited circumstances in this case...the debtors in such cases would have little, if any, time to deal with any objections to confirmation and the statutory scheme would be frustrated and rendered impractical, requiring dismissals and re-filings for no particular reason. *Id.* at *6.

For similar "recited circumstances", the Debtor urges the Court to follow this decision.

## COURT HAS DISCRETION TO DENY MOTION

32. The Court has discretion to deny the Trustee's Motion. Pursuant to 11 U.S.C. §1112(b)(2), the Court may not convert or dismiss the Case "...if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor...establishes that---(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court." Since a Plan has not been confirmed within 45 days of its filing, the deadlines provided in Sections 1121(e) and 1129(e) no longer apply and the Court can find that the Plan could be confirmed within a reasonable time since the confirmation hearing is set for the same date as the hearing on the Trustee's Motion. The Debtor submits that it is in the best interests of the creditors and the estate to confirm the Debtor's Plan assuming the Court finds the Plan feasible. Debtor's counsel recalls Trustee's counsel informing the Court on December 4, 2019, that if the Plan was confirmable on January 28, 2020, and any objections resolved, the Trustee would consider withdrawing the Motion. "Even if

the debtor could be faulted for technical noncompliance with the statute…dismissal will not benefit either the estate or the creditors." *In re Mississippi Sports and Recreation, Inc.*, 483 B.R. 164, 169 (Bankr.W.D.Wis.2012).

## CONCLUSION

For the reasons stated herein, the Debtor and Debtor-in-Possession, Gold Coast Partners, LLC, prays the Honorable Court enter an order denying all of the relief requested by the United States Trustee, Patrick S. Layng, in his Motion and for such other and further relief as the Court may deem just and proper.

                                            Respectfully submitted,
                                            Gold Coast Partners, LLC
                                            Debtor and Debtor-in-Possession

                                            By: _____/s/ Joel A. Schechter_____
                                                           Its Attorney

Joel A. Schechter
Attorney No. 3122099
53 W. Jackson Blvd., Suite 1522
Chicago, IL 60604
(312) 332-0267